

Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
11934 SW Sagehen St.
Beaverton, OR 97007
503 376 6774, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'08 AUG 04 13:58USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **PATRICIA CHRISTAKOS,**<br><br>Plaintiff,<br><br>vs.<br><br>**CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC**<br><br>Defendant | Case No.:<br><br>COMPLAINT CV'08-921 -- PK<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692); INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    (1) The federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); and,

    (2) Invasion of Privacy by Intrusion upon Seclusion

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the Oregon State claim pursuant to 28 USC § 1367(a).

# 22402                               Complaint - 1

### III. PARTIES

3. Plaintiff, Patricia Christakos ("Plaintiff"), is a natural person residing in Clackamas County, Oregon.

4. Defendant, Creditors Interchange Receivable Management, Inc. ("Defendant"), is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last 90 days, Defendant engaged in the following activities in an attempt to collect a debt from Plaintiff, each of which are a violation of various federal and state laws:

   a) Repeatedly communicating with Plaintiff's mother for purposes other than obtaining location information about Plaintiff, and discussing Plaintiff's alleged debt with Plaintiff's mother (§ 1692c(b) & § 1692b(1)(2)(3)); and,

   b) Using false representations and deceptive practices in connection with collection of debt from Plaintiff, including stating to Plaintiff, upon being asked by Plaintiff to send a statement including the basic disclosures required by 15 USC § 1692g, that Plaintiff had "lost the right" to have statements sent to her by refusing to pay the debt (§ 1692e(10))

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed in paragraph 8, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed in paragraph 8, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed in paragraph 8, constituted an extraordinary transgression of the bounds of socially tolerable conduct.

13. To the extent Defendant's actions, detailed in paragraph 8, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k and the Common Law of Oregon;

C. Statutory damages pursuant to 15 U.S.C. § 1692k and punitive damages pursuant the Common Law of Oregon;

D. Punitive Damages;

E. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Oregon; and,

F. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 29th day of July, 2008,

By: _____
Joshua Trigsted
Weisberg & Meyers, LLC
11934 SW Sagehen St.
Beaverton, OR 97007
503 376 6774, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff